**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**HELENE HUTT, Derivatively on behalf of Ocwen Financial Corporation,**

**Plaintiff,**

**v.**

**1:15-cv-891-WSD**

**WILLIAM C. ERBEY, RONALD M. FARIS, RONALD J. KORN, WILLIAM H. LACY, ROBERT A. SALCETTI, BARRY N. WISH, WILBUR L. ROSS, JOHN V. BRITTI, OCWEN FINANCIAL CORPORATION (Nominal Defendant),**

**Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendants Ocwen Financial Corporation's ("Ocwen" or the "Company"), William C. Erbey's, Ronald M. Faris', and John V. Britti's (together, the "Moving Defendants") Motion to Transfer Venue [27] (the "Motion").[1] Also before the Court is the Moving Defendants' Motion to Stay Discovery and Pretrial Deadlines Pending

[1] Defendants Robert A. Salcetti, Barry N. Wish, William H. Lacy, Ronald J. Korn, and Wilbur R. Ross join [28] the Motion.

Ruling on Motion to Transfer Venue [30] and Plaintiff Helene Hutt's ("Hutt") Motion for Oral Argument [37] on the Moving Defendants' Motion to Transfer Venue.

## I. INTRODUCTION

This matter involves two separate lawsuits. The first, Sokolowski v. Erbey, et al., Case No. 9:14-cv-81604 (S.D. Fla. 2014) (the "Sokolowski Action"), is a shareholder derivative action filed in the United States District Court for the Southern District of Florida on December 24, 2014. The second is the shareholder derivative action filed by Hutt on March 27, 2015, in this Court (the "Hutt Action," the Sokolowski and Hutt Actions will sometimes be referred to as the "Actions"). The Sokolowski Action and the Hutt Action are both shareholder derivative actions brought on behalf of Ocwen against the Company, and against Ocwen's Board of Directors and certain of its executive officers (the "Individual Defendants").[2]

The Moving Defendants argue that the Actions involve substantially similar issues, and that the first-filed rule requires the transfer of the Hutt Action to the Southern District of Florida.

---

[2] The Individual Defendants are: (1) William C. Erbey; (2) Ronald M. Faris; (3) Ronald J. Korn; (4) William H. Lacy; (5) Robert A. Salcetti; (6) Barry N. Wish; (7) Wilbur R. Ross; and (8) John V. Britti.

## II. BACKGROUND

### A. Sokolowski Action

The Sokolowski Action is a shareholder derivative action brought on behalf of Defendant Ocwen against the Company and the Individual Defendants. (Sokolowski Action Am. Compl. [25] at 1). Sokolowski also names Altisource Portfolio Solutions, S.A., Altisource Residential Corporation, Altisource Asset Management Corporation, and Home Loan Servicing Solutions as "Aider and Abettor Defendants." (Id. ¶¶ 51-69). The Sokolowski Action was filed in the Southern District of Florida on December 24, 2014. (Sokolowski Action at [1]).

The derivative claims in the Sokolowski Action are based on the allegations that: (1) the Individual Defendants engaged in self-serving transactions between Ocwen and the Aider and Abettor Defendants;[3] (2) the Individual Defendants failed to implement internal controls to prevent home mortgage servicing abuses;[4] (3) the Individual Defendants caused Ocwen to make false and misleading statements concerning its financial conditions, internal controls, and regulatory compliance;[5] (4) the Individual Defendants violated internal Ocwen policies;[6] and

---

3 (Sokolowski Action Am. Compl. ¶¶ 5-8, 12, 15, 19-20, 22, 51-69, 74-76, 109, 114, 258-65).

4 (Id. ¶¶ 1, 13, 15, 23, 85, 91-82, 97, 99-101, 109-10, 123-27).

5 ((Id. ¶¶ 10-14, 18-19, 93-96, 118, 121-26, 141-42, 221-33, 245-54).

6 ((Id. ¶¶ 148-85).

(5) when Ocwen's wrongful conduct was revealed, Ocwen's value and share price was adversely affected.[7]

Sokolowski asserts claims against the Individual Defendants for: (1) violations of Section 14(a) of the Exchange Act; (2) violations of Section 20 of the Exchange Act; (3) breach of fiduciary duty, waste of corporate assets, and breach of duty of loyalty; (4) unjust enrichment; and (5) beach of the duty of candor. (Sokolowski Action Am. Compl. ¶¶ 245-273).

B. Hutt Action

The Hutt Action was filed in this Court on March 27, 2015. The Hutt Action is also a shareholder derivative action brought on behalf of Defendant Ocwen against the Company and the Individual Defendants. (Compl. [1] ¶ 1).[8]

The derivative claims in this case are, like the Sokolowski Action, based on allegations that: (1) the Individual Defendants engaged in self-serving transactions between Ocwen and the Aider and Abettor Defendants;[9] (2) the Individual Defendants failed to implement internal controls to prevent home mortgage

---

7 (Sokolowski Action Am. Compl. ¶¶ 25, 111, 132-33, 234-44).

8 Before this action was filed, Hutt, on March 25, 2015, filed the identical complaint in the United States District Court for the Southern District of Florida. Hutt v. Erbey, et al., Case No. 9:15-cv-80392 (S.D. Fla. 2015). Two days later, on March 27, 2015, Hutt voluntarily dismissed the complaint filed in Florida, and refiled the same complaint in this Court.

9 (Compl. ¶¶ 3, 11, 55-81, 102-04, 160, 115-17, 125, 137, 179-85, 188, 208-10).

servicing abuses;[10] (3) the Individual Defendants caused Ocwen to make false and misleading statements;[11] (4) the Individual Defendants violated internal Ocwen policies;[12] and (5) Ocwen's wrongful conduct reduced Ocwen's value and share price.[13]

Like the Sokolowski Action, Hutt asserts claims in this case against the Individual Defendants for: (1) violations of Section 14(a) of the Exchange Act;[14] (2) breach of fiduciary duty; (3) waste of corporate assets; (4) gross mismanagement; (5) unjust enrichment (against only Defendant Erbey); and (6) aiding and abetting fiduciary violations. (Id. ¶¶ 253-285).

C. Venue

Hutt alleges that venue in the Northern District of Georgia is appropriate under 28 U.S.C. § 1391 because (i) one or more of the Defendants either resides or maintains executives offices in the Northern District of Georgia; (ii) a substantial portion of the transactions and wrongs complained of herein occurred in the Northern District of Georgia; and (iii) Defendants received substantial compensation and other transfers of money in the Northern District of Georgia by

---

10 (Id. ¶¶ 3, 95-99, 157-62, 196, 12, 216-19).

11 (Id. ¶¶ 3, 109-229).

12 (Id. ¶¶ 25-37, 112-13).

13 (Id. ¶¶ 167, 200, 205, 213, 230-32).

14 The subset of the Individual Defendants against whom the Section 14(a) claim is asserted is Defendants Erbey, Faris, Korn, Lacy, Ross, Salcetti, and Wish.

doing business and engaging in activities having an effect in the Northern District of Georgia. (Compl. ¶ 8). Hutt alleges that Ocwen is a corporation organized and existing under the laws of Florida, with its principal executive office located in Atlanta, Georgia. (Id. ¶ 10). The Individual Defendants are citizens of Florida, Wisconsin, Texas, Georgia, and the U.S. Virgin Islands. (Id. ¶¶ 11-18).

The Motion to Transfer Venue was filed on June 23, 2015. The Moving Defendants argue the Sokolowski Action, which was pending when the Hutt Action was filed, is "virtually identical" to the Hutt Action. (Mot. at 2). They argue the first-filed rule requires the Hutt Action to be transferred to the Southern District of Florida, where the Sokolowski Action is pending. (Id.).[15]

## III. DISCUSSION

### A. Legal Framework

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (citations omitted). Under the first-filed rule, "when parties have instituted competing or parallel litigation in separate courts," the court that "initially seized the controversy" should hear the

[15] The Moving Defendants also seek their attorneys' fees under 28 U.S.C. § 1927. (Mot. at 3).

case. See Collegiate Licensing Co. v. Am. Cas. Co., 713 F.3d 71, 78 (11th Cir. 2013) (citations omitted). Where a case involves overlapping issues and parties, the court that "initially seized the controversy" generally is entitled to decide whether the second-filed action should be dismissed, stayed, or consolidated with the first-filed action. Id. The first-filed rule is intended "to avoid interference" with the jurisdiction of another federal court. It seeks "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." See Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp, 665 F.3d 671, 678 (5th Cir. 2011).

To determine whether two actions pending in different federal courts involve "overlapping issues," the court examines whether (1) "the core issue" is the same in both actions, (2) the proof required would likely be identical, and (3) if the two actions overlap "on the substantive issues." Id.; Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 951 (5th Cir. 1997). If the district court finds a likelihood of substantial overlap "the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." See Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir. 1999). A party must show "compelling circumstances" to convince a court to depart from

the first-filed rule. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.3d 1169, 1174 (11th Cir. 1982).

B. Analysis

The Sokolowski Action and the Hutt Action are both shareholder derivative actions brought on behalf of Ocwen against the Company and the Individual Defendants. The Sokolowski Action also names the Aider and Abettor Defendants as defendants.[16] The Aider and Abettor Defendants' conduct appears to be intertwined with the core claims Hutt alleges against the Individual Defendants. The Sokolowski Action, thus, includes all of the defendants in the Hutt Action.

Sokolowski and Hutt base their claims on allegations that: (1) the Individual Defendants engaged in self-serving transactions between Ocwen and the Aider and Abettor Defendants; (2) the Individual Defendants failed to implement internal controls to prevent home mortgage servicing abuses; (3) the Individual Defendants caused Ocwen to make false and misleading statements concerning its financial conditions, internal controls, and regulatory compliance; (4) the Individual Defendants violated internal Ocwen policies; and (5) when Ocwen's wrongful conduct, caused by the Individual Defendants, was revealed, Ocwen's value and share price was adversely affected.

---

[16] The Aider and Abettor Defendants are four Ocwen-affiliated spin-off companies controlled by Mr. Erbey. (Compl. ¶ 11).

Finally, both Sokolowski and Hutt assert claims against the Individual Defendants for: (1) violations of Section 14(a) of the Exchange Act; (2) breach of fiduciary duty; (3) waste of corporate assets; and (4) unjust enrichment. Sokolowski asserts the same claims Hutt asserts, with the exception of claims for gross mismanagement and aiding and abetting fiduciary violations, which are based on the same allegations as those asserted in the Sokolowski Action. In short, the claims asserted in the Sokolowski Action and the Hutt Action are virtually identical.

The complaints in the Sokolowski Action and the Hutt Action on their face show that these "two actions involv[e] overlapping issues and parties," creating a "strong presumption" that the Hutt Action should be transferred to the United States District Court for the Southern District of Florida. See Manuel, 430 F.3d at 1135. The core issues of the Individual Defendants' breach of their fiduciary duties, self-dealing, and the harm that their actions, and the actions they compelled Ocwen to take, are the same in both the Sokolowski Action and the Hutt Action. See Int'l Fid, 665 F.3d at 678. The proof Sokolowski and Hutt need to succeed on these claims is nearly identical, and these two actions overlap on the substantive issues. See id. It is undisputed that the Sokolowski Action was the

first-filed action. Hutt has not shown "compelling circumstances" to convince the Court to ignore the first-filed rule. See Merrill Lynch, 675 F.3d at 1174.

Hutt asserts several shallow, unpersuasive arguments to avoid transfer. Hutt claims that only the Special Litigation Committee ("SLC"), appointed by Ocwen's Board of Directors (the "Board") has the authority to make decisions regarding this litigation. (Resp. [29] at 12-13). Hutt does not offer any authority to support that the appointment of the SLC precludes the Individual Defendants from seeking a court to enforce the first-filed rule.

Hutt next argues that Sokolowski's original complaint only named Messrs. Erbey, Faris, Korn, Lacy, Wish, and Salcetti as defendants. (Id. at 15). Only after Sokolowski became aware of Hutt's September 2, 2014, demand letter to the Board, did Sokolowski file his Amended Complaint, adding Mr. Britti and Mr. Ross as defendants. (Id). Hutt does not offer any authority to support that an initial failure to name two directors as defendants precludes application of the first-filed rule where, at the time transfer was requested, all of the parties in the second case are parties in the first-filed case. Hutt's arguments are unconvincing.[17]

[17] Hutt argues that her Complaint contains additional details and allegations, noting that her Complaint is 187-pages long, compared with the 107-page Amended Complaint in the Sokolowski Action. (Id. at 16). Hutt argues further that the relevant period for her allegations commences on March 1, 2013, as opposed to May 2, 2013 in the Sokolowski Action, and includes allegations

Hutt finally argues that Sokolowski initiated the Sokolowski Action despite having an outstanding litigation demand to which the Board had not yet responded. (Resp. at 16-17) (citing Fla. Stat. Ann. § 607.07401). Hutt asserts that Sokolowski "raced to the courthouse" in order to file his action first. (Resp. at 16-20).

The facts do not support this litigation position. Sokolowski alleges that he made his initial demand on the Board on February 11, 2014, and further alleges that the Board failed to respond to the demand in the ninety days allowed by Section 607.07401. (Sokolowski Action Am. Compl. at 1). Sokolowski filed his derivative over ninety days after his February 11, 2014, demand. (Sokolowski Action at [1]). Sokolowski's conduct can hardly be viewed as "racing" to the courthouse.

Sokolowski made his demand on the Board approximately four months before Hutt made her demand on the Board, and he initiated the Sokolowski

---

regarding two additional Securities and Exchange Commission filings as a result. (Id.).

Hutt's identical complaint, when initially filed in the Southern District of Florida, totaled 128 pages due to the spacing and formatting requirements of that district. Comparing apples to apples, Hutt's Complaint is 21 pages longer than the Amended Complaint in the Sokolowski Action. The length of Hutt's Complaint, however, does not establish that her allegations or claims are substantially different from those in the Amended Complaint in the Sokolowski Action. The Court has reviewed both complaints, and concludes that both Actions involve overlapping issues and parties. The first-filed rule does not require identical claims, but only that the two actions contain overlapping issues and parties. See Int'l Fid., 665 F.3d at 678.

Action approximately three months before the Hutt Action was filed. Hutt's argument that Sokolowski "raced" to the courthouse is unsupported and inconsistent with the evidence.[18, 19]

Hutt has not met her burden to show "compelling circumstances" to support that the Court should depart from the first-filed rule.[20] The Hutt Action is required

[18] The Court notes that it has previously applied the first-filed rule even where the first-filed complaint may have been the result of a race to the courthouse. See Travel Spike, LLC v. Travel Ad Network, Inc., No. 1:11-CV-3199-RWS, 2012 WL 887591, at *2 (N.D. Ga. Mar. 15, 2012). To the extent that Hutt asserts that her Complaint is superior to the Amended Complaint in the Sokolowski Action, it is up to the United States District Court for the Southern District of Florida to decide whether to stay one of these actions, consolidate them, or dismiss one of them. See Cadle, 174 F.3d at 606.

[19] Hutt moves the Court to allow oral argument on the Motion, arguing that the Moving Defendants' Reply "attempts to gloss over [the] fact" that the Sokolowski Action was filed in contravention to Florida law. The Court has considered this argument and concludes, including based on its own research, that the Sokolowski Action complied with the requirements of Section 607.07401 of the Florida Business Corporation Act and that, even if it did not, the first-filed rule still applies. Oral argument on this issue is denied.

[20] Hutt suggests that the Section 1404(a) factors do not favor transferring the Hutt Action to the Southern District of Florida. See Manuel, 430 F.3d at 1135 & n.1; (Resp. at 20-22). The Court is not transferring venue based on 28 U.S.C. § 1404(a), but rather under the first-filed rule. The Court notes, however, that several factors, including trial efficiency and the interest of justice, would warrant transfer of this action under the more common Section 1404(a) transfer factors.

to be transferred to the United States District Court for the Southern District of Florida.[21]

C. Request for Attorneys' Fees

The Moving Defendants argue that Hutt's counsel's conduct in filing the Hutt Action, and refusing to consent to its transfer to the Southern District of Florida, warrants an award of attorneys' fees under 28 U.S.C. § 1927. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 allows a district court to "assess attorney's fees against litigants, counsel, and law firms who willfully abuse judicial process by

---

[21] The Court notes that another action against Ocwen, Mr. Erbey, and Mr. Faris is pending in the United States District Court for the Southern District of Florida See In re Ocwen Financial Corporation Securities Litigation, Case No. 9:14-cv-81057 (S.D. Fla. 2014). That action is based on allegations that Ocwen, Mr. Erbey, and Mr. Faris violated federal securities laws by making false and misleading statements to the public. That conduct is, in part, the same conduct at issue in the Sokolowski Action and the Hutt Action, and the action is pending before the same Southern District of Florida judge that is adjudicating the Sokolowski Action. Transferring the Hutt Action to the Southern District of Florida will preserve judicial resources by allowing the same district court to adjudicate these cases with the same factual allegations.

conduct tantamount to bad faith." Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991).

While the filing of the Hutt Action in this Court shows suspect professional judgment and has burdened the parties and the Court, the record here is insufficient for the Court to find that Hutt's counsel "unreasonably and vexatiously" multiplied the proceedings, or acted in bad faith, by filing the Hutt Action. Venue in the Northern District of Georgia is proper under 28 U.S.C. § 1391, because Ocwen's principal executive office is in this district, and Hutt alleges that certain transactions and wrongs of which Hutt complained occurred in this district. 28 U.S.C. § 1391(b)(2); (Compl. ¶ 8). There also is no evidence that Hutt's counsel knew the Sokolowski Action was pending in the Southern District of Florida when the Hutt Action was filed. The Court concludes that Hutt's counsel's decision to file the Hutt Action does not rise to the level of bad faith, and attorneys' fees are not awarded under 28 U.S.C. § 1927.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Moving Defendants' Motion to Transfer Venue [27] is **GRANTED IN PART** and **DENIED IN PART**. It is

**GRANTED** with respect to the Moving Defendants' request to transfer this case. It is **DENIED** with respect to the Moving Defendants' request for attorneys' fees.

**IT IS FURTHER ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Southern District of Florida.

**IT IS FURTHER ORDERED** that the Motion to Stay Discovery and Pretrial Deadlines Pending Ruling on Motion to Transfer Venue [30] and the Motion for Oral Argument [37] are **DENIED**.

**SO ORDERED** this 14th day of December, 2015.

William S. Duffey

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE